UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Civil Action No. 5:23-cv-00106-LLK

FAITH M.                                                                                                           PLAINTIFF

v.

MARTIN O'MALLEY, Commissioner of Social Security                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. [Doc. 1]. Plaintiff's brief in support of judicial review is at Doc. 17, and the Commissioner's response in opposition is at Doc. 19. Plaintiff's reply, if any, was due on April 29, 2024, making this matter ripe for ruling. The parties have consented to the jurisdiction of the Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 9].

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The Appeals Council's decision**

In 2020, Plaintiff filed a complaint seeking judicial review of the Commissioner's final decision denying her claim for Social Security disability benefits. 5:20-cv-00150-LLK, Doc. 1.

In November 2021, this Court entered the joint / agreed Order submitted by the parties for a remand for a new decision and further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). 5:20-cv-00150-LLK, Doc. 28 (copy of Order in this case at Administrative Record, Doc. 8-10, p. 2015).

In January 2022, the Appeals Council entered an Order Remanding Case to Administrative Law Judge. [Doc. 8-10 at 2023-25]. The Order identified the error or omission resulting in remand as the

1

inadequacy of the ALJ decision's evaluation of the opinions of the Commissioner's non-examining program psychologists (Tonya Gonzalez, Psy.D., and Dan Vandivier, Ph.D.) concerning Plaintiff's ability to interact with the public, in a fast-paced environment:

> The hearing decision does not contain an adequate evaluation of the prior administrative medical findings from Tonya Gonzalez, Psy.D. and Dan Vandivier, Ph.D. (Exhibits 3A, 4A, 7A, and 8A). The Administrative Law Judge acknowledged the prior administrative medical findings from Dr. Gonzalez and Dr. Vandivier and found they were partially persuasive to the extent they were consistent with the residual functional capacity, but determined that additional evidence submitted at the hearing level warrants finding the claimant is further limited to no sustained interaction with the general public and no work in a fast paced or production-based work environment (Decision, page 10). However, the Administrative Law Judge does not evaluate the consistency of the prior administrative medical findings, or identified evidence that does not support the prior administrative medical findings (20 CFR 404.1520c and 416.920c). The Administrative Law Judge found the prior administrative medical findings were "partially persuasive" but determined that additional limitations were needed; however, the limitation to no "sustained interaction with the general public" is not necessarily more restrictive than the prior administrative medical findings. The term "sustained interaction" is vague and not defined in the regulations or the decision. While "sustained" relates to length or duration of contact, "occasional" relates to the frequency of interaction, and it is unclear from the decision what "sustained interaction" means and whether it would be more restrictive than occasional contact, defined as no more than one-third of the workday (Social Security Ruling 83-10). Moreover, the residual functional capacity does not accommodate the prior administrative medical findings that the claimant can only adapt to infrequent changes (compare, Decision, page 7, and Exhibits 3A, page 9; 4A, page 9; 7A, page 11; and 8A, page 11), and the Administrative Law Judge does not provide any rationale for this discrepancy (20 CFR 404.1520c and 416.920c). As a result, the hearing decision does not contain an adequate evaluation of the persuasiveness of the prior administrative medical findings and further evaluation is needed (20 CFR 404.1520c and 416.920c).

[Doc. 8-2 at 23-24].

The Appeals Council ordered the ALJ to re-evaluate Plaintiff's mental limitations in light of the findings of the Commissioner's program psychologists and, if necessary, to explore the vocational impact of those re-evaluated limitations:

> ● Give further consideration to the medical source opinion(s) and prior administrative medical findings pursuant to the provisions of 20 CFR 404.1520c and 416.920c.
>
> ● Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 404.1545 and 416.945 and Social Security Ruling 85-16 and 96-8p).

> ● If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 85-15). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

[Doc. 8-10 at 2024].

**The ALJ's decision**

Following the Appeals Council's remand order in January 2022, on September 22, 2022, the ALJ issued the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and denying her claim for Supplemental Security Income (SSI) under Title XVI of the Act.  [Doc. 8-9 at 1929-38].  The ALJ found that Plaintiff was not disabled from October 1, 2018, when she alleges that she became disabled, through September 22, 2022, the date of the ALJ's decision.  *Id.*

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that, after the fourth quarter of 2018, Plaintiff did not engage in substantial gainful activity.  *Id.* at 1931.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments:  depression; anxiety; and borderline personality disorder. *Id.* at 1932.

Third, the ALJ found that Plaintiff has no impairment satisfying the medical criteria of any impairment listed in Appendix 1 of the regulations.  *Id.*

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ found that, notwithstanding her mental impairments, Plaintiff can:

> … perform simple, routine, repetitive work tasks, meaning tasks that apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form, with the ability to deal with problems involving several concrete variables in or from standardized situations … can occasionally interact with others, including coworkers, supervisors, and the general public … cannot perform fast paced or production based work, but could do entry level or goal oriented work … can only adapt to gradual, infrequent changes in the work environment.

[Doc. 8-9 at 1933-34].

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 1936.

Fifth, the ALJ found that Plaintiff is able to perform a significant number of jobs in the national economy such as warehouse worker, kitchen helper, and dining room attendant. *Id.* at 1937.

### Legal Standards

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

The substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the ALJ's decision. *Id.* If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id.*

### Any failure by the ALJ to follow the Appeals Council's remand instructions is not cognizable on judicial review.

As stated above, the issue on judicial review is whether the Commissioner's final decision is supported by substantial evidence and is in accord with applicable legal standards. *Rogers v. Comm'r*, 486 F.3d 234, 241 (6th Cir. 2007).

To the extent Plaintiff is arguing that a reversible error occurred when the ALJ failed to comply with the Appeals Council's instructions on remand, the argument does not fall within the scope of and is not cognizable on judicial review. Although the "Sixth Circuit has not addressed the issue, ... the overwhelming majority of courts in this circuit ... have determined that federal courts lack jurisdiction to consider whether an administrative law judge complied with the Appeals Council's instructions on remand." *Hubbard v. Comm'r*, 2019 WL 4866733, at *3 (E.D. Mich. June 10, 2019) (report adopted) (collecting authorities). In other words, an ALJ's not following the Appeals Council's instructions constitutes reversible error only to the extent the error caused the ALJ's decision **not** to be supported by substantial evidence.

Further, although Plaintiff's complaints are understandable and well taken, this Court lacks authority to remedy Plaintiff's dissatisfaction with having agreed to a Sentence Four remand:

> This [case] demonstrates the risk of parties agreeing to joint remand with no further guidance. When the Agency is left to determine how to remedy its own errors, it leads to a ceremonial second hearing and the ALJ simply adopting the findings of the state agency examiners without an actual attempt to evaluate Ms. Moore's claim in the light of the joint Federal Court remand. … There is no logic supporting why the parties would suggest or agree to a joint remand so that the ALJ could then change "no sustained interaction" to "occasional interaction," which effectively makes the RFC less restrictive.

[Doc. 17 at PageID.2978-79].

### Substantial evidence supports the ALJ's finding that the "paragraph B" criteria of the Listing are not satisfied.

As indicated above, the ALJ found that Plaintiff's depression, anxiety, and borderline personality disorder do not satisfy the medical criteria of any impairment listed in Appendix 1 of the regulations. [Doc. 8-9 at 1932]. More specifically, the ALJ found that the "paragraph B criteria" of listings 12.04 [depressive, bipolar, and related disorders], 12.06 [anxiety and obsessive-compulsive disorders], and 12.08 [personality and impulse-control disorders] are not satisfied:

> The severity of the claimant's mental impairments, considered singly and in combination, does not meet or medically equal the criteria of listings 12.04, 12.06, or 12.08. In making this finding, the undersigned has considered whether the paragraph B criteria are satisfied. To satisfy the

5

>paragraph B criteria, there must be at least one extreme or two marked limitations in the following areas: [1] understanding, remembering, or applying information; [2] interacting with others; [3] concentrating, persisting, or maintaining pace; and [4] adapting or managing oneself. A marked limitation means that functioning in an area independently, appropriately, effectively, and on a sustained basis is seriously limited. An extreme limitation is the inability to function independently, appropriately, effectively, and on a sustained basis.

[Doc. 8-9 at 1932]. The ALJ found that Plaintiff is only "moderately" limited in each of the four "paragraph B criteria." *Id.* at 1932-33.

Plaintiff argues that the ALJ's finding of "moderate" limitations in the "B criteria" is not supported by substantial evidence in light of the findings of certified social worker Hannah K. Klein and psychiatrist Benjamin Parker, both of whom treated Plaintiff at Four Rivers Behavioral Health.

On April 10, 2019, Four Rivers referred Plaintiff to Mercy Health Emergency Department due to "suicidal ideations" and "life stressors" after she stopped taking her medications. [Doc. 8-7 at 874]. On April 19, 2019, Ms. Klein completed the Medical Source Statement of Ability to Do Work-Related Activities (Mental), finding, among other things, that Plaintiff is: 1) "Extremely" limited in her abilities to understand, remember, and apply "complex" information but at most "mildly" limited in her abilities to understand, remember, and apply "simple" information; and 2) "Extremely" limited in her abilities to interact appropriately with the public, supervisor(s), and co-workers and to respond appropriately to usual work situations and to changes in a routine work setting. *Id.* at 832-33. The ALJ found Ms. Klein's opinion of "extreme" limitation to be "not persuasive." [Doc. 8-9 at 1935].

The ALJ's finding that Ms. Klein's opinion is "not persuasive" is supported by substantial evidence for three reasons.

First, the ALJ found that the disabling limitations assigned by Ms. Klein are "manifestly not supported by or consistent with the longitudinal treatment notes from Four Rivers, which have previously been cited herein and clearly demonstrate the claimant's symptoms to be reasonably controlled with ongoing medical intervention." [Doc. 8-9 at 1935].

Second, to be disabling, impairments must persist at a disabled level of severity for a "continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The form did not ask, and Ms. Klein did not volunteer that the "extreme" limitations opined would be expected to satisfy the duration requirement. The fact that Plaintiff sought emergency intervention just nine days before Ms. Klein gave her opinion suggests that the duration requirement was **not** satisfied.

Third, ALJs may "properly give little weight" to findings on a "check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings." *Ellars v. Comm'r*, 647 F. App'x 563, 566 (6th Cir. 2016). The Medical Source Statement of Ability to Do Work-Related Activities (Mental) completed by Ms. Klein was such a form.

In July 2019, psychiatrist Benjamin Parker placed a checkmark on the Healthcare Professional's Statement, a form apparently supplied by the Kentucky Cabinet for Health and Family Services. [Doc. 8-7 at 302]. The form indicates that Plaintiff is "permanently and totally disabled and will never be gainfully employed." *Id.*

Plaintiff's reliance on Dr. Parker's opinion of "disability" is unpersuasive for two reasons.

First, the purpose of the Healthcare Professional's Statement is to medically qualify eligible persons for assistance with living expenses from the Cabinet, which requires that such persons "be employed, registered for employment or certified as disabled or incapacitated." [Doc. 8-7 at 302]. While Dr. Parker may have believed that Plaintiff was sufficiently "disabled" to qualify for assistance, that did not satisfy Social Security's definition of disability.

Second, a statement from a medical source that a claimant is "disabled" or not "able to perform regular or continuing work" is "inherently neither valuable nor persuasive" as the ultimate issue of disability is "reserved to the Commissioner." 20 C.F.R. § 404.1520b(c)(3)(i).

**The ALJ did not err in not considering a closed period of disability.**

7

As indicated above, in April 2019, Plaintiff was hospitalized for several days due to a mental health crisis. [Doc. 8-7 at 874]. Previously, in 2018, Plaintiff was hospitalized on two occasions for several days due to a mental health crisis, for a total of "three hospitalizations." [Doc. 17 at PageID.2992]. In light of these hospitalizations and other "acute episodes," Plaintiff argues that the ALJ erred in not discussing the possibility of a "closed period of disability." *Id.*

"A claimant no longer qualifying as disabled may be entitled to benefits if she previously suffered a disability for a continuing, twelve-month period." *Dutkiewicz v. Comm'r*, 663 F. App'x 430, 432 (6th Cir. 2016). In the present case, as in *Dutkiewicz*, the ALJ's implicit finding of no closed period of disability is supported by substantial evidence because the ALJ adopted the limitations opined by the Commissioner's non-examining program sources, and those sources opined limitations for the entire period, including the alleged closed period.

**Plaintiff's remaining arguments, if any, are waived due to insufficient development.**

"It is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Rice v. Comm'r*, 169 F. App'x 452, 454 (6th Cir. 2006). A plaintiff's failure to develop her argument in a more than "skeletal way," leaving it for the Court to "put flesh on its bones," results in waiver. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

Plaintiff's remaining arguments, if any, are waived due to insufficient development.

### Order

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

April 30, 2024

Lanny King, Magistrate Judge
United States District Court